FILED
CLERK, U.S. DISTRICT COURT

APR - 1 2009

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re JOSEPH ALLEN LEPORE,<br>Petitioner. | Case No. CV 08-5779 DDP (AN)<br><br>ORDER DISMISSING PETITION FOR WRIT OF MANDAMUS FOR LACK OF JURISDICTION |

On September 4, 2008, Joseph Allen Lepore ("Petitioner"), a state prisoner, filed his pending petition for a writ of mandamus ("Petition"). The gravamen of the Petition's allegations and relevant state court records[1] establish that Petitioner is currently imprisoned pursuant to a 2004 judgment of conviction for second degree robbery and related prison sentence that he sustained following a jury trial in the California Superior Court for Los Angeles County ("LASC") (case no. GA052032) ("2004 Conviction"). (Pet. 1-4; *see also People v. Lepore*, 2005 WL 1580649 at *1 (Cal. Ct. App. Dist 2/Div. 2 filed July 7, 2005).) The Petition establishes Petitioner is principally requesting this Court to order the state appellate courts that affirmed his 2004 Conviction to modify his sentence because Petitioner claims the trial court erroneously enhanced his sentence based upon his prior 1981 conviction for committing a lewd act upon a child that he sustained in *People v. Lepore*, LASC case no. A368573. (*Id.* at 1, 4; *Lepore, id.* at *8-*10.)

This Court finds the Petition is subject to dismissal for the following reasons.

---

[1] Federal courts can take judicial notice of relevant state court records in cases where a state prisoner seeks federal review of his conviction or sentence. *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002).

First, federal courts lack jurisdiction to issue a writ of mandamus to a state court. *See Demos v. United States Dist. Court for the E. Dist. of Wash.*, 925 F.2d 1160, 1161 (9th Cir. 1991).

Second, this Court lacks jurisdiction because a state prisoner's exclusive remedy for challenging any aspect of his state custody is to file a federal habeas petition pursuant to 28 U.S.C. § 2254. *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004). Further, a state prisoner seeking federal habeas review under § 2254 must name his current custodian as a respondent, and the prisoner's failure to do so deprives a district court of jurisdiction. *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).

Third, even if it could be construed as a petition brought pursuant to § 2254, the Court would still lack jurisdiction to consider it because the Petition would constitute the second time that Petitioner has filed an unauthorized second or successive petition with this Court. (*See Lepore v. Watson*, CV 07-6637 DDP AN ("2007 Petition").) Specifically, as explained in the Court's related 6/23/08 Order, the Court lacked jurisdiction to consider Petitioner's 2007 Petition attacking his 2004 Conviction because it was untimely and constituted an unauthorized successive petition to the extent that Petitioner had previously filed a § 2254 petition for the same purpose in 2006 (CV 06-07262 DDP AN) that was dismissed with prejudice because this Court found it was untimely. (*Id.*; 6/23/08 Order (DDP) (docket no.7).) In this regard, the Court finds that in addition to being an unauthorized successive petition, the pending petition constitutes an improper attempt to circumvent the provisions of 28 U.S.C. § 2244(b)(3)(A)-(C) that require a petitioner to first obtain an order from the United States Court of Appeals authorizing the district court to consider the petition. Without leave of the appropriate Court of Appeals, the district court must dismiss a successive petition for lack of subject-matter jurisdiction. *Greenawalt v. Stewart*, 105 F.3d 1268, 1277 (9th Cir. 1997).

///

///

1 | Based upon the foregoing, the reference to the Magistrate Judge is vacated and the
2 | Clerk is directed to enter a judgment dismissing the petition for lack of jurisdiction. All
3 | other motions are denied as moot.
4 |     IT IS SO ORDERED.

DATED: April 1, 2009

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE